William **BOLDEN, III, et al.,**
Plaintiffs,

v.

**PENNSYLVANIA STATE POLICE,**
Defendant.

Civ. A. No. 73-2604.

United States District Court,
E. D. Pennsylvania.

March 8, 1974.

Harold I. Goodman, Community Legal Services, Inc., Robert J. Reinstein, Philadelphia, Pa., for plaintiffs.

Benjamin Lerner, Harrisburg, Pa., for defendant.

MEMORANDUM ORDER

CLIFFORD SCOTT GREEN, District Judge.

This is a civil suit commenced by the named plaintiff, William H. Bolden, III, as a class action in order to enjoin an alleged past and continuing pattern of employment discrimination against minorities by the Pennsylvania State Police. This action charges violation of rights under the Thirteenth and Fourteenth Amendments and 42 U.S.C.A. §§ 1981, 1983, 1985(3) and 1988. The jurisdiction of this Court is invoked under 28 U.S.C.A. §§ 1331 and 1343 and, in addition, this Court's pendent jurisdiction is invoked.

Plaintiff's individual claim involves his dismissal from the State Police. Presently before the Court is plaintiff's claim for final relief limited to two legal

theories without prejudice to other theories he might assert.[1]

Plaintiff is a black citizen of the United States and a resident of the state of Pennsylvania.

Prior to his employment with the State Police, plaintiff was employed from January, 1964 to January, 1972 with the Philadelphia Police Department.

Plaintiff was appointed as a Cadet with the Pennsylvania State Police on January 27, 1972, and, as is customary, served six months as a Cadet. Plaintiff was then made a Trooper on July 13, 1972.

During his employment, plaintiff served commendably and with distinction, having received satisfactory evaluations from his supervisors and having been praised by members of the community.

At 9:35 A.M. on July 27, 1973, plaintiff received by hand a letter informing him that he was dismissed from the Pennsylvania State Police. This letter is dated July 24, 1973, and states that plaintiff is dismissed effective midnight, Wednesday, July 25, 1973. The letter states that a review of an investigation into his financial problems revealed that he had violated section 1:31 of the State Police Field Regulations, and the action purports to be in compliance with section 205 of the Administrative Code of Pennsylvania concerning the Pennsylvania State Police, 71 P.S. § 65(f) (pocket part). We set out the state law at length for it is fully dispositive of the issues involved.

Section 1:31 provides:

"A member shall promptly pay his just debts. He shall not assign his salary or contract for any debts or liabilities which he is unable or unwilling to pay. He must discharge honorably and promptly all claims or judgments, and satisfy all executions which may be held against him within a reasonable amount of time."

Section 205 of the Administrative Code provides, subsection (f):

"All new cadets and troopers shall serve a probationary period of eighteen months from date of original enlistment, during which time they may be dismissed by the commissioner for violations of rules and regulations, incompetency, and insufficiency without action of a court martial board or the right of appeal to a civil court."

However, subsection (e) of that same section provides:

"No enlisted member of the Pennsylvania State Police shall be dismissed from service or reduced in rank except by action of a court martial board held upon the recommendation of the Commissioner of the Pennsylvania State Police and the Governor."

71 P.S. § 65(e), (f) (pocket part).

This latter provision is further explicated in section 711 of the Administrative Code, 71 P.S. § 251(b)(1), (2), (4) (pocket part):

"(b)(1) Before any enlisted member who has not reached mandatory retirement age is dismissed or refused reenlistment by the commissioner, the commissioner shall furnish such enlisted member with a detailed written statement of the charges upon which his dismissal or refusal of reenlistment is based, together with a written notice, signed by the commissioner or the proper authority, of a time and place where such enlisted member will be given an opportunity to be heard either in person or by counsel, or both, before a Court-martial Board appointed by the commissioner. The board shall consist of three commissioned officers. The hearing shall not be sooner than ten days nor later than thirty days after such written notice. At such hearing all testimony offered, including that of complainants and their witnesses, as well as that of the accused enlisted member and his witnesses shall be recorded by a com-

---

1. This memorandum shall serve as the Court's findings of fact and conclusions of law as required by F.R.Civ.P. 52(a).

petent stenographer whose services shall be furnished by the Pennsylvania State Police at its expense.

. . .

(2) . . . .

After fully hearing the charges or complaints and hearing all witnesses produced by the Court-martial Board and the person against whom the charges are pending, and after full, impartial and unbiased consideration thereof, the Court-martial Board shall, by a two-thirds vote of all members thereof taken by a closed-secret vote and the total results thereof to be recorded, determine whether or not such charges or complaints have been sustained and whether the evidence substantiates such charges and complaints, and in accordance with such determination, shall recommend the discharge, demotion or refusal of re-enlistment of such enlisted member to the commissioner. If one member of the Court-martial Board shall dissent from the findings of the other members, he may state his reason for disagreement which shall be made a part of the record.

Reports of findings of the Court-martial Board shall not be made public before acted upon by the commissioner. The Court-martial Board shall submit all records of the trial to the commissioner for review.

A written notice of any decision of the commissioner discharging, demoting or refusing the reenlistment of any member, together with a free copy of a transcript of the notes of testimony, shall be sent by registered mail to the enlisted member at his last known address within thirty days after the hearing is actually concluded. The commissioner may, in his discretion, follow or disregard the recommendations of the Court-martial Board.

In all cases where the final decision is in favor of the enlisted member, the records in the files of the Pennsylvania State Police shall show accordingly.

(3) In case the enlisted member concerned considers himself aggrieved by the action of the commissioner, an appeal may be taken by him to the Court of Common Pleas of Dauphin County in accordance with the provisions of the act of June 4, 1945 (P.L. 1388) and its amendments known as the 'Administrative Agency law.'

(4) For the purposes of this subsection (b), the term 'enlisted member' shall not include a cadet or trooper of the Pennsylvania State Police with less than eighteen months of service."

In addition, pursuant to the authority vested in his office by section 711(a) of the Administrative Code, 71 P.S. § 251(a)(pocket part), the commissioner has promulgated disciplinary regulations for the State Police concerning less serious sanctions than dismissal, reduction in rank or refusal of reenlistment and procedures for disciplinary action. However, these regulations were apparently not effective at the time of the transactions involved herein. Thus, we do not rely upon them; however, we note that our disposition of this case is fully consistent with these regulations.

We have concluded that plaintiff's dismissal violated both his rights under the applicable provisions of the Pennsylvania Code set out above and under the Fourteenth Amendment to the Constitution of the United States.

The basis for the discharge in this case involved an alleged inability to pay debts. The parties are in dispute as to whether, in fact, plaintiff was in violation of this regulation; however, we only refer to this insofar as necessary to illuminate the procedural issues with which we must presently deal.

The investigation which led to dismissal was prompted by a letter, dated May 15, 1973, from a lawyer to the State Police Commissioner concerning an allegedly delinquent account of plaintiff with a particular commercial establishment. The information contained in this letter

was, at least in part, factually incorrect and apologies were made and clarifying letters sent to the State Police. Nevertheless, a general investigation was performed about which plaintiff was informed by a superior officer, and plaintiff did submit information on some of his debts on request.

However, from said time until his dismissal, plaintiff did not receive a request for information on or clarification of his entire debt structure, nor was plaintiff informed that as a result of the investigation, it had been concluded that disciplinary action was appropriate in his case, and finally plaintiff was not afforded a hearing to explain his debt structure; information concerning which was the basis of his dismissal.

First, we conclude that plaintiff was entitled to the procedural rights set out above for enlisted members before being dismissed from the State Police. It is undisputed that the plaintiff was not afforded the same.

The controversy in this regard is over the question of whether or not plaintiff was a probationary or enlisted member of the State Police at the time of his dismissal. We conclude that plaintiff was an enlisted member.

■ The problem involves determining the time at which plaintiff's dismissal was effective. Plaintiff argues that his dismissal was effective on July 27, 1973, i. e. on the day on which he received notice of his dismissal. Defendants insist that the dismissal is effective at the time that the decision is made or at a time subsequent thereto as designated at the time of decision. Further, they suggest that any conceptual or practical difficulty that arises by reason of the possibility of an overlap between effective dismissal and continued employment without actual notification is cured by the superimposition of a good faith and reasonableness requirement. Thus, defendants argue that plaintiff's dismissal was effective at midnight, July 25, 1973.

The significance of the small difference in time noted above is that at midnight on July 25, 1973, plaintiff had not yet served eighteen months and so was still a probationary employee; however, as of midnight, July 26, 1973, plaintiff, absent prior dismissal, had served eighteen months and so was an enlisted member of the State Police which entitled him, inter alia, to a court-martial prior to dismissal from the force.

Section 205(f) of the Administrative Code provides that all new members shall serve a probationary period of eighteen months and that, during that time, the commissioner may dismiss them without action of a court-martial. Section 711 of the Administrative Code elaborately describes the procedural rights, including court-martial, of an enlisted member before he may be dismissed from the force. Subsection (4) of that section provides that an enlisted member is one with eighteen months of service.

We think that the resolution of this problem is controlled by subsection (4) of section 711. It is undisputed and we so find that plaintiff served as a member of the State Police until 9:35 A.M. on July 27, 1973. We believe that a literal interpretation of the eighteen months of service definition which can only be cut off by notice of dismissal is appropriate here. Plaintiff received no dismissal notice prior to July 27, 1973 and, consequently, served eighteen months as a State Policeman prior to his dismissal. Thus, he was entitled to all the rights of an enlisted member prior to his dismissal, which, it is undisputed, he did not receive.

■■ We believe that this interpretation of the effective date of dismissal is soundly based on the language of the statutes and policy. First, these Pennsylvania statutes are remedial legislation providing rights to State Police employees not present at common law[2] and so should be interpreted liberally in

2. Dussia v. Barger, 13 Pa.Cmwlth. 167, 309 A.2d 607 (1973).

their favor. Consequently, we believe that, in intractable situations such as this, where action is taken at the borderland of time between two periods of employment which provide for significant differences in the procedural rights of employees, the burden should be on the organization and not the individual employee. In this case, this means that rather than allowing for a good faith effort to notify within a reasonable time after a decision in favor of the organization, it is more appropriate to require notification prior to the end of eighteen months with the proviso that such a requirement is conditioned on the fact that the employee does not consciously attempt to evade notification. Second, the concept of service, in fact, is peculiarly applicable to a para-military organization, such as the State Police, which imposes duties on its members that pervade their lives far beyond the number of actual working-hours. It was suggested that the tardy notice here was the result of the fact that plaintiff could not be contacted on July 25th and 26th, although the State Police did, in fact, try at the phone numbers and addresses they had on record. Plaintiff had been assigned these days off by a superior. There was no evidence that plaintiff frustrated State Police attempts to contact him in anticipation of receipt of a notice of dismissal and we find that he did not.

■ Consequently, we conclude that, under the Pennsylvania Administrative Code, plaintiff's dismissal occurred on July 27, 1973. It is undisputed that on that date (absent prior dismissal) plaintiff was an enlisted member of the State Police. Thus, plaintiff's dismissal was in clear violation of plaintiff's procedural rights under the Administrative Code.

Second, the procedure utilized in this case also violated plaintiff's constitutional right to procedural due process. Plaintiff, as a permanent or probationary member[3] of the State Police, under the state law set out above, had a clear constitutionally cognizable property interest in his employment. Plaintiff's interest in this regard is heightened by the fact that the basis of the dismissal reflects adversely upon plaintiff's reputation, honor, and integrity. In such circumstances, only exigent circumstances can excuse a hearing on the charges, in which plaintiff would have an opportunity to be confronted with and answer the charge and evidence against him, prior to dismissal. We need not comment on the constitutionally requisite form and content of such an opportunity or possible differences therein as to a permanent or probationary member. In this case, no such minimal opportunity was afforded to plaintiff. *See,* Perry v. Sindermann, 408 U. S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); Connell v. Higginbotham, 403 U.S. 207, 91 S.Ct. 1772, 29 L.Ed.2d 418 (1971); Grausam v. Murphey, 448 F.2d 197 (3rd Cir. 1971); petition for cert. dismissed, 405 U.S. 981, 92 S.Ct. 1207, 31 L.Ed.2d 257 (1972); Commonwealth of Pa. ex rel. Rafferty v. Phila. Psych. Ctr., 356 F. Supp. 500 (E.D.Pa.1973).

Thus, we find that the dismissal of plaintiff was in violation of state statutes and the federal constitution.

3. Section 205(f) of the Administrative Code explicitly provides that probationary members of the State Police can only be dismissed for cause. Thus, we do not have a situation here where continued employment is at the will of the state employer. We do not consider the additional provision that provides the probationary member has no right of appeal to a civil court to vitiate the probationary employee's property interest. As a threshold matter, we assume that the commissioner will exercise his discretion in conformity with the law. The Courts of the Commonwealth of Pennsylvania in construing the discretion of the commissioner in connection with the dismissal of permanent members have created analogous precedent. Dussia v. Barger, supra; Merlino v. Pennsylvania State Police Court Mar. Bd., 7 Pa. Cmwlth. 631, 301 A.2d 106 (1973); Penna. State Police v. Weichman, 86 Dauph. 323 (C.P., 1966).

Consequently, the following order is entered.

## ORDER

And now, this 8th day of March, 1974, after a final hearing on the plaintiff's claim, limited by agreement to two theories of liability, and without prejudice to other theories of liability and class action claims, it is ordered that judgment is entered for the plaintiff, William H. Bolden, III, and against the defendants; and it is further ordered that defendants Reinstate plaintiff as a Trooper and enlisted member of the Pennsylvania State Police; said reinstatement to date from the day of dismissal with back pay and all emoluments of employment to which he would have been entitled if he had not been wrongfully dismissed.