Vivian M. RODE, Plaintiff,

v.

Nicholas G. DELLARCIPRETE, John Harhigh, Josephine Fure, Ruth Brown, Robert Kinch, Pennsylvania State Police, and Commonwealth of Pennsylvania, Defendants.

Civ. A. No. 85–0791.

United States District Court, M.D. Pennsylvania.

Sept. 11, 1985.

Laurence W. Dague, Harrisburg, Pa., Dianne E. Dusman, Hummelstown, Pa., for plaintiff.

James J. Kutz, Deputy Atty. Gen., Harrisburg, Pa., for Dellarciprete, Harhigh, Fure, Brown and Kinch.

## MEMORANDUM

CALDWELL, District Judge.

### I. Introduction

Plaintiff, Vivian Rode, filed a complaint alleging that defendants have violated her civil rights under 42 U.S.C. §§ 1983 and 1985. More specifically, plaintiff claims that defendants, the Commonwealth of Pennsylvania ("Commonwealth") and the Pennsylvania State Police ("PSP") have violated her first amendment rights by enacting and enforcing certain administrative regulations which prohibit employees from disseminating information concerning the PSP. These defendants have moved to dismiss the complaint made against them pursuant to Fed.R.Civ.P. 12.

### II. Background

In May of 1983, plaintiff, an employee of the PSP, consented to an interview with a newspaper reporter from the *Paxton Herald* in which she told the reporter that she was being harassed by members of the PSP. On June 1, 1983 an article appeared in the *Herald* which resulted in the initiation of disciplinary action against plaintiff by the PSP. On June 9, 1983 a hearing was held and plaintiff was given a three (3) day suspension for violating Administrative Regulation 4–6, which requires confidentiality concerning the official business of the PSP, and prohibits employees from publicizing information relating to the PSP without prior approval.

### III. Discussion

In count III of the complaint,[1] plaintiff alleges that regulation 4–6 is unconstitutionally overbroad and vague. She requests an order declaring the regulation unconstitutional and seeks a permanent injunction restraining its enforcement. Defendants, however, argue that plaintiff's claims against them should be dismissed because (1) they are not "persons" for purposes of §§ 1983 and 1985 and (2) plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution. We agree.

▮▮▮▮ Plaintiff has brought this action pursuant to 42 U.S.C. §§ 1983 and 1985

---

1. Counts II and III are comprised of claims against the individual defendants who are not parties to the motion we are considering.

which expressly provide that only "persons" may be held liable. Although the term "persons" is to be liberally construed, *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) not all entities are considered to be "persons." It is well settled that a state and its agencies are not "persons" under §§ 1983 and 1985.[2] *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). *Thompson v. State of New York*, 487 F.Supp. 212, 228 (N.D.N.Y. 1979); *Flesch v. Eastern Pennsylvania Psychiatric Institute*, 434 F.Supp. 963, 975 (E.D.Pa.1977). Applying this analysis it is clear that the Commonwealth and PSP, as an agency of the Commonwealth, are not "persons" within the meaning of §§ 1983 and 1985.

We also find that plaintiff's claim against defendants is barred by the Eleventh Amendment. This Amendment provides that:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

As interpretated, the Eleventh Amendment prohibits a suit (to which the state has not consented) "in which the State or one of its agencies or departments is named as a defendant." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, —, 104 S.Ct. 900, 908, 79 L.Ed.2d 67, 78 (1984). This bar "applies regardless of the nature of relief sought." *Id.*

Plaintiff contends that defendants waived their Eleventh Amendment immunity by virtue of agreeing to the consent decree entered in *Bolden v. Pennsylvania State Police*, 371 F.Supp. 1096 (E.D.Pa. 1974). In *Bolden,* the PSP agreed to establish a series of regulations concerning its employment practices in order to eradicate the effects of alleged past discrimination. Defendants, not surprisingly, disagree with plaintiff's premise. For the following reasons we find that defendants have not waived their immunity.

Plaintiff cites three cases to support her position that consent decrees operate as a waiver of a state's Eleventh Amendment immunity: *Vecchione v. Wohlgemuth*, 558 F.2d 150 (3d Cir.), *cert. denied*, 434 U.S. 943, 98 S.Ct. 439, 54 L.Ed.2d 304 (1977), *New York State Association for Retarded Children, Inc. v. Carey*, 596 F.2d 27 (2d Cir.1979), *Jordan v. Fusari*, 496 F.2d 646 (2d Cir.1974). These cases, however, fail to bear upon the issue before us because in each case the plaintiff brought suit against an individual, not against a state or its agency.[3]

Furthermore, even if the Commonwealth did waive its immunity by agreeing to the *Bolden* consent decree, we find that plaintiff's claim would still be barred. Although a state may waive its immunity, courts are reluctant to find a waiver unless there has been an unequivocal expression of consent by the state. *Pennhurst, supra, Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The *Bolden* consent decree dealt only with the allegedly discriminatory aspects of the PSP's employment practices, not with protecting First Amendment rights. Thus, the consent decree could only operate as a waiver, if at all, in cases alleging the form of discrimination prohibited by the decree. The allegations against the Commonwealth and the PSP concern only the constitutionality of regulation 4–6 on First Amendment grounds and defendants, by entering into the *Bolden* consent decree, have not waived their immunity with respect to plaintiff's claims. Based upon these con-

---

2. Under §§ 1983 and 1985, the term "persons" has the same meaning. *An-Ti Chai v. Michigan Technological University*, 493 F.Supp. 1137 (W.D.Mich.1980); *Thompson v. State of New York*, 487 F.Supp. 212 (N.D.N.Y.1979).

3. The cases do support the position taken by defendants in their brief—that the Eleventh Amendment does not prohibit plaintiff from suing the appropriate state official. *See Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

siderations defendants' motion to dismiss will be granted.

An appropriate order will be issued.