**Abel CARABELLO**

v.

**Jeffrey A. BEARD.**

**Civil Action No. 06–336.**

United States District Court,
E.D. Pennsylvania.

Dec. 28, 2006.

Abel Carabello, Graterford, PA, pro se.

John O.J. Shellenberger, Office of the Attorney General, Philadelphia, PA, for Jeffrey A. Beard.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

Before the Court are defendant Jeffrey A. Beard's motion to dismiss plaintiff Abel Carabello's complaint in this case (doc. no. 9), Carabello's motion for a temporary restraining order and a preliminary injunction (doc. no. 10), and Carabello's motion to appoint counsel (doc. no. 13).

## I. BACKGROUND

In July 1992, Carabello was convicted by the Commonwealth of Pennsylvania for

holding up a bar, shooting the bar owner in the chest, and robbing three other patrons at gunpoint. Pennsylvania Superior Court Memorandum, *Commonwealth of Pennsylvania v. Carabello,* No. 92–3871 (March 15, 1994) (affirming conviction). After police officers apprehended Carabello on an anonymous tip, Carabello blurted out in the interrogation room at Homicide Headquarters, "I didn't mean to shoot him." A detective provided Carabello *Miranda* warnings, and Carabello then signed a detailed written confession.

At trial, Carabello sought to suppress evidence of his confession. After hearing testimony and argument, the trial court allowed the confession into evidence. In testifying as to the circumstances in which Carabello made the written confession, a detective also referenced the blurted-out confession.

On appeal of his conviction, the Pennsylvania Superior Court agreed with Carabello that this first blurted-out statement should not have been admitted. However, the Superior Court found admissible Carabello's written confession that he signed after receiving *Miranda* warnings. It then held that the admission of the blurted-out statement was harmless error. Carabello sought review in the Pennsylvania Supreme Court, but the Supreme Court declined review on August 8, 1994.

On September 18, 1996, Carabello filed a petition for writ of habeas corpus in this Court. After review of the trial court record, Magistrate Judge Rueter recommended that the petition be denied. On November 18, 1996, the Court accepted Judge Rueter's recommendation. Carabello did not appeal. *See Carabello v. Chesney, et al.,* No. 96–6349 (E.D.Pa.).

On April 12, 2000, Carabello filed a petition in the Common Pleas Court, which the court considered a petition under the Pennsylvania Post Conviction Relief Act.

The court appointed counsel, but ultimately dismissed the petition as untimely. On April 14, 2003, the Pennsylvania Superior Court affirmed.

In the instant action, Carabello brings suit against Jeffrey A. Beard, in his official capacity as the Secretary of the Pennsylvania Department of Corrections, alleging that he has been denied access to the courts. Pl.'s Compl. at at ¶ 21. In his Complaint, Carabello alleges that, while in the custody of the Department of Corrections, he was segregated from the general population in the Restricted Housing Unit (RHU). *Id.* ¶ 8. Carabello also alleges that he is illiterate and unable to read or write in English and was forced to rely on other inmates in preparation of legal materials. *Id.* ¶¶ 10, 12. According to the complaint, Carabello requested increased legal aid from the prison, which was systematically denied, and as a result, Carabello filed several deficient post-conviction petitions, thereby causing him to forfeit his right to properly challenge his criminal conviction. *Id.* at ¶¶ 7, 11, 14, 16.

Carabello also alleges that while housed in the RHU he appeared before the Program Review Committee ("PRC") and voiced his complaints about the prison's inadequate legal assistance. Complaint ¶ 9. In response to these complaints, Carabello alleges that PRC officials retaliated against him by falsifying his disciplinary file and labeling him as a violent and dangerous individual in order to justify the deprivation of legal assistance. *Id.* ¶ 9. The complaint alleges that these unsubstantiated writings constitute retaliation for Carabello's exercise of constitutionally protected conduct. *Id.* ¶ 18–20.

## II. MOTION TO DISMISS

Defendant Beard has moved to dismiss the complaint pursuant to rules 12(b)(1)

and 12(b)(6) of the Federal Rules of Civil Procedure (doc. no. 9).

## A. Eleventh Amendment Immunity

■ The Court already dismissed the claims against the Department of Corrections in this case because it is not a "person" subject to suit under the civil rights laws that Carabello invokes and the Eleventh Amendment thus immunizes it from suit. Beard has been sued in his capacity as the Secretary of Corrections, and in that official capacity, is synonymous with the Department. He is also not a "person" and is immunized by the Eleventh Amendment as to retrospective relief.[1] *Will v. Michigan Department of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (holding officials are not "persons" under § 1983).[2]

Although the Eleventh Amendment allows suits against officials in their individual capacities, *Hafer v. Melo*, 502 U.S. 21, 23, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), Carabello's complaint does not allege any personal involvement by Beard either through "personal direction or actual knowledge and acquiescence" in the constitutional violations that Carabello alleges. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988); *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir.2005) (dismissing complaint that hypothesized Attorney General was personally involved based solely on his position as head of the office).

## B. Statute of Limitations

Defendant Beard also argues that Carabello's denial of access claim should be dismissed because of the applicable statute of limitations.

A two-year limitations period applies to section 1983 and 1985 actions. *Bougher v. University of Pittsburgh*, 882 F.2d 74, 78, 80 (3d Cir.1989). The limitations period commences when the underlying claim accrues, i.e., "when the plaintiff knew or should have known of the injury." *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir.1998).

Carabello's denial of access claim is predicated upon his inability to file a timely post-conviction relief petition or a successful federal habeas petition. The deadline to file these petitions were, respectively, January 1997, and April 1997. Thus, Beard argues, the filing of this action on January 25, 2006 clearly exceeded the applicable two-year statute of limitations.

■ A cause of action based upon a defendant's "continuing conduct" may be timely, however, "provided that the last act of that continuing conduct is within the period for the commencement of an action specified by the statute of limitations." *Id.* at 599. In order for this "continuing wrong" doctrine to apply, the defendant's obstructive conduct must be "more than an

---

1. The Eleventh Amendment allows suits seeking prospective relief against state officials. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 276–77, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997); *see Ex parte Young*, 209 U.S. 123, 155–56, 28 S.Ct. 441, 52 L.Ed. 714 (1908) (establishing that the Eleventh Amendment does not prevent federal courts from issuing prospective injunctive relief to prevent a continuing violation of federal law). The only prospective relief that Carabello has requested in his Complaint is an injunction enjoining "any further or future retaliatory and

'adverse action'" against him. Carabello filed a motion for a preliminary injunction and/or temporary restraining order detailing the prospective relief he seeks. This request is discussed further below.

2. The term "person" would likely be interpreted identically under sections 1985 and 1986. *See Rode v. Dellarciprete*, 617 F.Supp. 721, 723 n. 2 (M.D.Pa.1985) ("Under §§ 1983 and 1985, the term 'persons' has the same meaning.").

occurrence of isolate or sporadic acts." *Cowell v. Palmer Township*, 263 F.3d 286, 292 (3d Cir.2001) (quotation omitted).

■ Here, Carabello's complaint alleges that his requests for assistance have been "emphatically denied and/or ignored" for the ten-year period in which Carabello has been incarcerated and that this denial caused the filing of his deficient petitions. Pl.'s Compl. ¶¶ 11, 14. Taking the allegations of the Complaint as true and construing them in the light most favorable to Carabello, the allegations of denial of access to the Courts warrant application of the continuing wrong doctrine, at least at this stage of the proceedings.

### C. *Denial of Access to the Courts*

Defendant Beard also challenges that the underlying claim which Carabello alleges he has been denied from bringing to the courts is "frivolous on the merits." Dft.'s Br. at 10, n. 2.

■ The United States Supreme Court has established that prisoners possess a constitutional right of access to the courts; thus, prison authorities must, for example, "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). This right does not encompass a right to legal assistance in the abstract. To obtain relief, an inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 350, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Oliver v. Fauver*, 118 F.3d 175, 177 (3d Cir.1997) (plaintiff must demonstrate "actual injury ... such as the loss or rejection of a legal claim."). The underlying claim need not be successful but must be

"specifically identified and meritorious." *Christopher v. Harbury*, 536 U.S. 403, 414, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002).

■ In this case, the Court must examine, whether Carabello has sufficiently alleged an "actual injury," i.e., whether Carabello been impeded from bringing a meritorious claim. Carabello sets forth the "meritorious claim from which [Carabello] believes he would have obtained relief from his criminal conviction" in a proposed habeas corpus petition attached to his Complaint. *Id.* at ¶ 17, Ex. A. This habeas petition, in turn, is based upon Carabello's claim of ineffective assistance of counsel stemming from his criminal trial counsel's allowing into evidence his confession. *See generally* Pl.'s Compl. at Ex. "A." Specifically, Carabello argues that his trial counsel "had a duty ... to request the Court's suppression of all evidence seized from [Carabello] due to his unlawful arrest." *Id.* at Ex. A, ¶ 39. Carabello maintains, "the compelling factor leading to [his] being unjustly convicted was the introduction of the unlawfully obtained statement allegedly made by [Carabello]." Pl.'s Compl. at ¶ 19.

Carabello's claim must fail because he is ultimately seeking to question, through his denial of access claim, the validity of a conviction that has not been declared invalid. *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). As the Supreme Court explained in *Heck*, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question

by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87, 114 S.Ct. 2364. Here, in order to determine whether Carabello has a meritorious underlying claim to support his denial of access claim, the Court must question the validity of Carabello's conviction. *Heck* expressly prohibits an outcome where one hand of the justice system permits recovery based on allegations of an invalid conviction while at the same time the other hand affirms that conviction as valid.

Indeed, many courts have dismissed denial of access claims under circumstances similar to those presented here. *E.g. Gay v. City of Philadelphia,* No. 05–4718, 2006 WL 3040603 (3d Cir. Oct.26, 2006) (affirming dismissal of denial of access claim because, "to the extent that [the plaintiff's] claims arising out of his prosecution for murder imply the invalidity of the conviction and sentence, the claims are not cognizable under § 1983 absent a showing that the conviction or sentence has been overturned or otherwise invalidated."); *Bierley v. Grolumond,* 174 Fed.Appx. 673, 676 (3d Cir.2006) (dismissing denial of access claim under *Heck*).

Insofar as Carabello is attempting to challenge the fact of his conviction, a petition pursuant to 28 U.S.C. § 2254 is the exclusive method for seeking relief, *see Preiser v. Rodriguez,* 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), and the Court notes that, in this regard, Carabello has already filed a habeas petition in this Court raising the issue of his confession. In that case, the Court found that the state courts properly found that "the detailed typewritten confession of the peti-

tioner given after the Miranda warnings was not 'tainted' by the earlier inculpatory statement uttered before the administration of the warnings." (Rep. & Rec. of Oct. 30, 1996, at 7, *app'd & adopted* Nov. 7, 1996, *Carabello v. Chesney, et al.,* No. 96–6349 (E.D.Pa.)). The Court further agreed with the state courts' determination that "any error in admitting the initial statement was harmless." (*Id.*).[3]

Finally, even assuming that Carabello's claim was legally cognizable in this action, it is factually without merit. The claim itself is undermined by the other exhibits that he attaches to his Complaint.[4] These exhibits show that Carabello's trial counsel, Charles P. Mirarchi, III, filed a Motion to Suppress requesting that Carabello's confessions be barred from evidence. Pl.'s Compl. at Ex. A, pp. 48–49 (attaching copy of Motion to Suppress). The trial court held a hearing on that motion on July 23, 1992, and Carabello's trial counsel argued the motion on Carabello's behalf. Pl.'s Compl. at Ex. A, pp. 54–65 (attaching portion of transcript on hearing regarding Motion to Suppress). Thus, even if it was not otherwise barred by *Heck,* Carabello's underlying claim for ineffective assistance of counsel fails because Carabello can show no actual injury.

## D. *Retaliation*

█ Carabello's complaint also contains a count for "adverse action" in which Carabello alleges that he was retaliated against for his complaints the Program Review Committee and other prison officials regarding his alleged denial of access to the courts. Pl.'s Compl. at 6. Specifically, Carabello states that he was "retaliated

---

3. The Report and Recommendation was approved and adopted on November 11, 1996.

4. On a motion to dismiss, the court may consider exhibits to the complaint, documents upon which the complaint is based, docu-

ments filed of record in the case, and public records. *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.,* 181 F.3d 410, 426, 427 (3d Cir.1999).

against via unsubstantiated writings in his institutional file while in segregated housing in an attempt by prison officials to justify their refusal to provide [Carabello] with the legal aide assistance requested to appeal his criminal conviction." *Id.*

Accepting these assertions as true and in the light most favorable to Carabello, the Court finds that these allegations are sufficient for Carabello to state a claim for retaliation. *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir.2003) (prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) adverse action sufficient to deter exercise constitutional rights, and (3) a causal link between the conduct and adverse action). Although defendant Beard is immunized by the Eleventh Amendment as to any retrospective relief, "even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). Accordingly, the Court will grant Carabello leave to amend his Complaint to include the specific prison officials that were personally involved in the alleged acts of retaliation against him.[5]

## III. MOTION FOR PRELIMINARY INJUNCTION AND RESTRAINING ORDER

As part of his retaliation claim, Carabello has filed a Motion for Preliminary Injunction and Temporary Restraining Order. The motion indicates that an inmate named Nazario Burgos has been helping Carabello with this case and, indeed, has prepared all the pleadings in the case. Pl.'s Mot. at p. 1. It alleges that staff at the State Correctional Institution at Graterford have removed Burgos from the general population because a routine test of his urine was positive for a controlled substance. *Id.* at 6. It also alleges that the staff are retaliating against Burgos for his assisting Carabello in this case and other inmates in their respective cases. *Id.* at 1. It asks the Court, among other things, to order prison staff to place Burgos back in general population and remove the misconduct charge from his record. *Id.* at 3.

### A. *Legal Standards*

Rule 65 of the Federal Rules of Civil Procedure authorizes the Court to issue temporary restraining orders and preliminary injunctions. In deciding whether to grant the relief that Carabello seeks, the Court must consider whether (1) Carabello has demonstrated the likelihood of success on the merits; (2) Carabello will be irreparably harmed by the denial of injunctive relief; (3) the balance of the harms favors Carabello or if, instead, granting the relief would result in even greater harm to the defendant; and (4) the public interest favors granting the injunction. *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3rd Cir.2004). Failure to establish either a likelihood of success on the merits or irreparable harm warrants denial of the extraordinary remedy of a preliminary injunction. *Frank's GMC Truck Center, Inc. v. General Motors Corp.*, 847 F.2d 100, 102 (3d Cir.1988).

■ Here, all these considerations militate a denial of Carabello's request for an injunction returning Burgos to general population.

First, at this stage of the proceedings, and based on the naked allegations in the pleadings, Carabello has not demonstrated that he is likely to succeed on the merits of his claims.

**5.** The accompanying order grants Carabello thirty (30) days to file the amended complaint.

■ Second, Carabello has not shown any irreparable harm. He claims that unless Burgos is returned to general population he will "suffer 'irreparable harm' as I am unable to pursue redress on my own." Pl.'s Mot. at 10. "In order to demonstrate irreparable harm the [moving party] must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial." *Caplan v. Fellheimer Eichen Braverman & Kaskey,* 68 F.3d 828, 839 (3d Cir.1995). The preliminary injunction must be the "only way" of preventing the alleged harm. *Id.*

Returning Burgos to the general population is not the "only way" of allowing Carabello to pursue redress. The United States Supreme Court has made clear that, while prison inmates have a right of access to the courts, they do not have an unfettered right to legal assistance by fellow inmates, unless such assistance "is a necessary means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Shaw v. Murphy,* 532 U.S. 223, 231 n. 3, 121 S.Ct. 1475, 149 L.Ed.2d 420 (2001) (internal quotations omitted); *see also Lewis v. Casey,* 518 U.S. 343, 350, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (inmates have a right of access to the courts, not to any particular form of legal assistance).

Here, Burgos' assistance is not necessary, because Carabello has a variety of resources at his fingertips to assist him to access the courts. The affidavit of Linda Miller, a prison law librarian at Graterford, along with the Department of Corrections policy on legal assistance, together describe the services available to Carabello. Graterford has three paid Spanish speaking Inmate Legal Reference Aides who can assist Carabello, even if he cannot read or write English. He can also get assistance from a Staff Legal Assistant to put his claims in written English. Carabello is also permitted to seek and obtain assistance from inmates who are not paid Legal Reference Aides too, just like he was, allegedly, getting help from Burgos.

Finally, even if Carabello could show likelihood of success on the merits or irreparable harm, the balance of the harms and consideration of the public interest favor denying the injunction. Releasing Burgos from his disciplinary detention would interfere with the prison's ability to maintain order. Burgos' urine tested positive for use of illegal controlled substances and he was removed from general population as a result. Although this removal did not impinge upon Carabello's rights, even if it did, such impingement would be "valid if it is reasonably related to legitimate penological interests." *Lewis,* 518 U.S. at 361, 116 S.Ct. 2174 (quoting *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)) (reversing district court's order for systemwide remedy to alleged violation of prisoners' right to access to courts because, *inter alia,* the district court failed to accord adequate deference to the judgment of the prison authorities with respect to restrictions they placed on the access to prison law libraries by prisoners on disciplinary detention). Here, the prison clearly has a valid penological interest in punishing drug users by removing them from the general population.

The Court also notes that the motion relates in its entirety to alleged retaliatory actions taken against Burgos and requests relief on behalf of Burgos. As a general proposition, a plaintiff cannot seek a preliminary injunction on another's behalf where he has no standing to do so. *See L.A. v. Lyons,* 461 U.S. 95, 105, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) (finding plaintiff could not seek preliminary injunction

where he had no standing to do so). A plaintiff must demonstrate that he himself has suffered an "injury-in-fact." *See Danvers Motor Co. v. Ford Motor Co.,* 432 F.3d 286, 290–291 (3d Cir.2005). The injury-in-fact requirement exists to assure that litigants have a "personal stake" in the litigation. *Id.* (citing *The Pitt News v. Fisher,* 215 F.3d 354, 360 (3d Cir.2000)). Here, the Court cannot entertain a motion for a preliminary injunction to address the alleged violations of Burgos' rights, in which Carabello has no such "personal stake."

The proper redress for wrongs to Burgos, if any, is for Burgos to file his own case. Indeed, Burgos is already pursuing such a claim before Judge Anita Brody of the Court. In that action, he has also filed a motion for a preliminary injunction based on alleged retaliatory action taken against him because of his filing of administrative grievances and/or lawsuits on behalf of other inmates. *See Burgos v. Canino,* et al., No. 06–2497 (E.D.Pa.) (doc. no. 2).

## IV. MOTION FOR APPOINTMENT OF COUNSEL

Carabello has also moved for the appointment of counsel (doc. no. 13). Carabello's claim for retaliation may have some merit. However, he should be able to present this claim on his own. The particular legal issues involved are not difficult, and no extensive factual investigation appears necessary. *See Montgomery v. Pinchak,* 294 F.3d 492, 498–499 (3d Cir. 2002) (applying factors set forth in *Tabron v. Grace,* 6 F.3d 147, 153 (3d Cir.1993) to indigent civil litigants' request for appointment of counsel). At this stage of the proceedings, the Court finds there is no need to appoint counsel.

## V. CONCLUSION

For the reasons set forth above, Carabello's claim for denial of access to the courts will be dismissed. His claim for retaliation will be allowed to proceed. Carabello's motion for a temporary retraining order and preliminary injunction and his motion for appointment of counsel will be denied.[6]

An appropriate order will be entered.

## ORDER

**AND NOW,** this **28th** day of **December, 2006,** it is hereby **ORDERED** that defendant Jeffrey A. Beard's Motion to Dismiss (doc. no. 9) is **GRANTED IN PART** and **DENIED IN PART.** Plaintiff Abel Carabello's claim for denial of access to the courts is dismissed. Plaintiff may proceed with his claim for retaliation and is granted leave to amend his Complaint to include the specific prison officials that were personally involved in the alleged acts of retaliation against him. Plaintiff shall file an Amended Complaint by **January 29, 2007.**

It is **FURTHER ORDERED** that Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction (doc. no. 10) is **DENIED.**

It is **FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (doc. no. 13) is **DENIED.**

**AND IT IS SO ORDERED.**

---

6. After Carabello's deposition is taken, and in the light of a fuller record, the Court will revisit this issue.