**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**April 23, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

WILLIAM SHERRATT,

    Plaintiff - Appellant,

v.

ROBERT BRAITHWAITE; SCOTT
BURNS; DAVID DOXEY; MATTHEW
BELL; ANNE MARIE MCIFF ALLEN;
MICHAEL WESTFALL; KEITH
BARNES; MARK GOWER; TRAJAN
EVANS; SCOTT GARRETT; PATRICK
NOLAN; MARK SHURTLEFF; JOHN
SWALLOW; SEAN REYES; ERIN
RILEY; HEATHER CHESNUT; FIFTH
DISTRICT COURT; IRON COUNTY
ATTORNEYS OFFICE; UTAH
ATTORNEY GENERAL'S OFFICE,

    Defendants - Appellees.

No. 24-4101
(D.C. No. 4:23-CV-00076-DN)
(D. Utah)

_____

### ORDER AND JUDGMENT[*]

_____

Before **HARTZ**, **MORITZ**, and **ROSSMAN**, Circuit Judges.

_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

William Sherratt filed a pro se action under 42 U.S.C. §§ 1983 and 1985 against multiple defendants asserting federal constitutional claims and claims under Utah law for libel and violations of the Utah Constitution.  The district court dismissed the case with prejudice, and Mr. Sherratt now appeals.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

This case has a complex procedural history dating back twenty-five years and involving proceedings in state and federal court.  We describe only so much of the background as is relevant to the disposition of the instant appeal.

## A

In 2000, a jury in Utah's Fifth District Court convicted Mr. Sherratt of two counts of rape of a victim under the age of 18 with whom he held a special relationship of trust, in violation of Utah Code Ann. §§ 76-5-402 and 76-5-406.  Judge Robert Braithwaite presided over the trial, and county attorney David Doxey prosecuted the state case.  Both are defendants in the instant federal action.

On May 23, 2000, Judge Braithwaite held a sentencing hearing.  As relevant here, the attorneys discussed one of Mr. Sherratt's prior crimes, which was described in the presentence investigation report ("PSR") as a 1987 conviction for spousal abuse.  Judge Braithwaite had presided over that 1987 case and apparently knew that Mr. Sherratt had not been convicted.  But Judge Braithwaite allegedly "remained silent" during the sentencing hearing.  R. at 124 ¶ IV.9.  Mr. Sherratt was sentenced to five years to life on each rape count, to run concurrently.  On the same day, Judge

Braithwaite filed an Order of Bail or Commitment or Release identifying the counts of conviction as "Rape of a Child." R. at 146. Two days later, Judge Braithwaite signed the minutes of the sentencing hearing, again identifying the counts of conviction as "rape of a child." R. at 148 (capitalization omitted). But the Judgment dated and file-stamped May 30, 2000, correctly indicated Mr. Sherratt had been convicted of two counts of rape. *See* R. at 221–22.

Mr. Sherratt appealed, and the Utah Court of Appeals affirmed. *See State v. Sherratt*, 2001 UT App 201, No. 20000523-CA, 2001 WL 723251, at *2 (Utah Ct. App. June 28, 2001) (unpublished).

**B**

Mr. Sherratt was paroled in 2022. In 2023, he filed the lawsuit underlying this appeal in Utah state court. He named nineteen defendants, which we refer to collectively as either "State Defendants" or "County Defendants."[1] Mr. Sherratt named the individual defendants in both their individual and official capacities, and he sought damages.

---

[1] The State Defendants are: Judge Braithwaite; four other current or former Fifth District Court judges—Matthew Bell, Ann Marie McIff Allen, Michael Westfall, and Keith Barnes; former Utah Attorneys General Sean Reyes, Mark Shurtleff, and John Swallow; current and former Assistant Utah Attorneys General Erin Riley, Heather Chesnut, and Patrick Nolan; the Utah Fifth District Court; and the Utah Attorney General's Office. The County Defendants are: the Iron County Attorney's office; four current or former Iron County attorneys—David Doxey, Scott Garrett, Trajan Evans, and Scott Burns; and former Iron County sheriff and deputy Mark Gower.

Mr. Sherratt alleged that Judge Braithwaite's identification of the counts of conviction as "rape of a child" in the May 23 order amounted to fraud, constituted libel, and exceeded his judicial authority, and that despite purporting to correct that order on May 30, 2000, he did not actually correct the order until 2002. Mr. Sherratt further alleged that Judge Braithwaite allowed the Fifth District Court's docket to continue to show the counts of conviction as rape of a child until 2023. Mr. Sherratt also alleged that Judge Braithwaite said he would correct the May 23 order but failed to do so before sending it to the Utah Court of Appeals, the State's appellate attorneys, and the Utah Board of Pardons and Parole ("Board of Pardons"). Finally, Mr. Sherratt alleged Judge Braithwaite sent the Board of Pardons the PSR stating Mr. Sherratt had been convicted of spouse abuse in 1987.

As to the other four defendant-judges, Mr. Sherratt alleged that when they issued orders in his other civil and criminal cases, they violated his civil rights by referring to or relying on Judge Braithwaite's order misstating the counts of conviction as rape of a child.

Mr. Sherratt also alleged that every attorney who represented the State of Utah in his civil and criminal cases, including county prosecutors, violated his civil rights or committed libel when they referred to his convictions as rape of a child.

Mr. Sherratt's sole allegation regarding former Assistant Attorney General Nolan and former Attorney General Shurtleff was that they denied him "redress." R. at 139 ¶ XI.c.

4

Mr. Sherratt made no express allegations against Iron County attorney Garrett or former Iron County Sherriff Gower.

## C

After removing the case to federal court, the defendants filed dispositive motions seeking to dismiss the complaint. The State Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), and the County Defendants moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). A magistrate judge issued a report and recommendation ("R&R") recommending the district court grant defendants' motions and dismiss the case. The magistrate judge recommended dismissing the official-capacity § 1983 and § 1985 claims against all defendants on the ground that none of them were "persons" within the meaning of those statutes. The magistrate judge recommended dismissing the rest of the claims based on either absolute judicial immunity, absolute prosecutorial immunity, absolute immunity as State advocates in a civil case, Utah's judicial-proceedings privilege, the Utah Governmental Immunities Act, or failure to meet the pleading standard of Federal Rule of Civil Procedure 8.

Mr. Sherratt filed timely objections to the R&R. The district court overruled the objections and granted the motions to dismiss. The court first found that Mr. Sherratt failed to specifically object to any of the magistrate judge's dispositional recommendations and therefore had waived objection to those recommendations. Accordingly, the district court adopted those recommendations. The district court

5

then addressed the objections it found Mr. Sherratt had adequately raised and rejected those.

This timely appeal followed.

## II

We review de novo a district court's dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6) and its grant of judgment on the pleadings under Rule 12(c). *BV Jordanelle, LLC v. Old Republic Nat'l Title Ins. Co.*, 830 F.3d 1195, 1200 (10th Cir. 2016); *see also Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000) (explaining that a Rule 12(c) motion "is treated as a motion to dismiss under Rule 12(b)(6)"). In doing so, "we accept the well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor." *BV Jordanelle*, 830 F.3d at 1200–01 (brackets and internal quotation marks omitted). We construe Mr. Sherratt's pro se filings liberally, but we may not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## III

We begin by addressing Mr. Sherratt's arguments challenging the district court's dismissal of the official-capacity claims. We then consider his challenges to the district court's immunity rulings. Next, we take up his contention regarding the disposition of the individual-capacity claims against Mr. Gower, Mr. Nolan, and

Mr. Shurtleff.  And finally, for completeness, we address any other remaining cognizable arguments in the opening brief.[2]

**A**

The district court dismissed the official-capacity § 1983 and § 1985 claims against the State Defendants because those defendants are not "persons" within the meaning of those statutes.[3]  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989) (holding that "a State, . . . its officials acting in their official capacities," and "governmental entities that are considered 'arms of the State' for Eleventh Immunity purposes" are not "'persons' under § 1983"); *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) (substantially the same with respect to § 1985); *Rode v. Dellarciprete*, 617 F. Supp. 721, 723 (M.D. Pa. 1985) ("[A] state and its agencies are not 'persons' under §§ 1983 and 1985."); *id.* at 723 n.2 ("Under §§ 1983 and 1985, the term 'persons' has the same meaning.").  Mr. Sherratt raises no contrary argument in his opening brief.  He has therefore waived appellate review of the

---

[2] The State Defendants urge us to apply our firm-waiver rule and resolve the appeal on that basis.  *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996) (explaining that under this court's firm-waiver rule, an appellant waives appellate review of factual and legal questions if he fails to raise timely and specific objections to a magistrate judge's report and recommendation).  We reject the invitation.  *See Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (application of firm-waiver rule is discretionary).  In our view, it is not certain the rule applies on the record before us.  Under the circumstances, we need not consider the matter further because Mr. Sherratt cannot prevail on the merits of any issues he raises.

[3] Both § 1983 and § 1985(3), which appears to be the subsection of § 1985 potentially applicable here, create causes of action for the deprivation of rights by a "person," § 1983, or a conspiracy between "two or more persons," § 1985(3).

district court's dismissal of the official-capacity claims against the State Defendants. *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived." (internal quotation marks omitted)).[4]

**B**

We next consider the district court's dismissal of the claims against the defendant-judges based on absolute judicial immunity. "[G]enerally, a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991). That "immunity is not overcome by allegations of bad faith or malice," *id.* at 11, and it "applies even when the judge is accused of acting maliciously and corruptly," *Pierson v. Ray*, 386 U.S. 547, 554 (1967). The only exceptions to judicial immunity are for "actions not taken in the judge's judicial capacity" and "for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12.

None of these exceptions applies here, as Mr. Sherratt appears to acknowledge. Still, he insists § 1983 "does not immunize judicial officers from damages for civil rights violations done during judicial process." Aplt. Opening Br. at 13. This is

---

[4] To the extent Mr. Sherratt argues he attempted to plead a municipal liability claim against the Iron County Attorney's Office under *Monell v. Department of Social Services*, 436 U.S 658 (1978), his argument fails because he never alleged any county policy or custom that caused a violation of his constitutional rights. *See Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1215 (10th Cir. 2022) (explaining that under *Monell*, a county can only "be sued for money damages under § 1983 if a plaintiff alleges a [county] 'policy or custom' that directly caused the violation of plaintiff's constitutional rights." (quoting *Monell*, 436 U.S. at 694)).

wrong. As the Supreme Court explained in *Stump v. Sparkman*, the "doctrine of judicial immunity [is] applicable in suits under . . . § 1983." 435 U.S. 349, 356 (1978).

Equally unavailing is Mr. Sherratt's argument that "[j]udicial immunity does not insulate judges from criminal liability or for fraud, even when done behind the shield of judicial office." Aplt. Opening Br. at 18 (brackets omitted).[5] In support, he cites *Braatelien v. United States*, 147 F.2d 888 (8th Cir. 1945), and *McFarland v. State*, 109 N.W.2d 397 (Neb. 1961). These cases are not binding on this court, and neither is persuasive. Both cases involved courts rejecting a judge's claim of immunity from criminal prosecution for fraudulent or corrupt acts performed in a judicial capacity. *See Braatelien*, 147 F.2d at 895; *McFarland*, 109 N.W.2d at 403–04. In contrast here, Mr. Sherratt attempted to sue the defendant-judges for damages in a civil action. For the same reason, we reject Mr. Sherratt's other arguments that rely on criminal culpability to pierce the shield of absolute judicial immunity in a civil case.[6]

Mr. Sherratt also contends that judges do not have immunity "for falsifying documents when submitting fraudulent documents in an official proceeding or

---

[5] Mr. Sherratt raised a similar argument in his objections to the R&R. *See* R. at 530.

[6] This includes arguments based on *Trump v. United States*, 603 U.S. 593 (2024); various provisions of the Utah Criminal Code; and Article 1, Section 15 of the Utah Constitution, which by its plain terms applies only in criminal prosecutions for libel.

attempting to do so." Aplt. Opening Br. at 22.[7] In support, he relies on *Fischer v. United States*, 603 U.S. 480 (2024). *Fischer* does not advance his cause because, among other things, it does not involve judicial immunity.

Finally, Mr. Sherratt cites *Pulliam v. Allen*, 466 U.S. 522 (1984), for its statement that nothing in § 1983 "suggest[s] that Congress intended to expand the common-law doctrine of judicial immunity to insulate state judges completely from federal collateral review." *Id.* at 541. Mr. Sherratt's reliance on this pronouncement is misplaced. *Pulliam* held "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her official judicial capacity." *Id.* at 541–42. But Mr. Sherratt did not seek prospective injunctive relief.[8]

## C

In his opening brief, Mr. Sherratt advances no specific challenge to the district court's conclusions that (1) Mr. Swallow, Ms. Riley, Mr. Burns, Mr. Doxey,

---

[7] Mr. Sherratt made a similar argument in his objections to the R&R. *See* R. at 525–26.

[8] In any event, "Congress responded to *Pulliam* in 1996 by amending § 1983 to abrogate its holding." *Just. Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 763 (8th Cir. 2019). The amendment added a provision stating that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, Pub. L. No. 104–317, § 309(c), 110 Stat. 3847. Thus, "judicial immunity typically bars claims for prospective injunctive relief against judicial officials acting in their judicial capacity. Only when a declaratory decree is violated or declaratory relief is unavailable would plaintiffs have an end-run around judicial immunity." *Just. Network Inc.*, 931 F.3d at 763 (internal quotation marks omitted). Mr. Sherratt did not allege, and has not shown, that either of the statutory exceptions to judicial immunity applies.

Mr. Evans, and Mr. Garrett are entitled to absolute prosecutorial immunity from the individual-capacity claims Mr. Sherratt asserted against them; and (2) Ms. Chesnut and Mr. Reyes, as state advocates in a civil case, are entitled to absolute immunity from the individual-capacity claims asserted against them. Mr. Sherratt, therefore, has waived appellate review of the dismissal of the individual-capacity claims against these eight defendants. *See Sawyers*, 962 F.3d at 1286.[9]

## D

The district court determined Mr. Sherratt failed to meet Rule 8's pleading requirements with respect to Mr. Nolan, Mr. Shurtleff, Mr. Doxey, Mr. Gower, and Mr. Garrett. Mr. Sherratt appears to question how that could be when the court identified "approximately a dozen allegations" in footnote 12 of its decision. Aplt. Opening Br. at 12. Because we have affirmed, on waiver grounds, the district court's alternative rationale (absolute prosecutorial immunity) for dismissing the individual-capacity claims against Mr. Doxey and Mr. Garrett, we need only address this argument with respect to Mr. Nolan, Mr. Shurtleff, and Mr. Gower. *See Rivero v. Bd. of Regents of Univ. of N.M.*, 950 F.3d 754, 763 (10th Cir. 2020) ("If the district court states multiple alternative grounds for its ruling and the appellant does not challenge all those grounds in the opening brief, then we may affirm the ruling."). And we see no inconsistency in the district court's ruling because none of the

---

[9] To the extent any of Mr. Sherratt's generalized arguments of district-court error implicate the soundness of the district court's dismissal of the claims against these eight defendants, we address—and reject—those arguments in Part III.E.

allegations summarized in footnote 12 concerns Mr. Nolan, Mr. Shurtleff, or Mr. Gower. It is the absence of sufficient allegations against these three defendants that formed the basis of the district court's conclusion that Mr. Sherratt failed to meet Rule 8's pleading requirement as to them.

That conclusion was correct. Among other things, Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose behind this requirement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis and internal quotation marks omitted). Mr. Sherratt's complaint failed in this regard with respect to Mr. Gower because it contained no allegations giving any notice of the claims against him. And the only allegation regarding Mr. Nolan and Mr. Shurtleff was that they denied Mr. Sherratt "redress." R. at 139 ¶ XI.c. As best we can tell, Mr. Sherratt was referring to a letter Mr. Nolan wrote on letterhead identifying Mr. Shurtleff as the Attorney General. In that letter, Mr. Nolan informed Mr. Sherratt that the Attorney General's Office was forwarding to the Iron County Attorney's Office letters Mr. Sherratt had written about county attorney Doxey's actions. So construed, Mr. Sherratt's allegation did not give Mr. Nolan and Mr. Shurtleff fair notice of any claim against them and falls far "short of the line between possibility and plausibility of entitlement to relief" that a plaintiff must cross to avoid dismissal, *id.* at 557 (brackets and internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to state a claim for relief that is plausible on its face.  A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citation and internal quotation marks omitted)).

**E**

Finally, we consider several additional arguments Mr. Sherratt advances in his opening brief in support of reversal.  As we explain, none has merit.

*First*, Mr. Sherratt suggests defendants defaulted by not timely responding after they were served.  We decline to address this argument because it is insufficiently developed.  *See Becker v. Kroll*, 494 F.3d 904, 913 n.6 (10th Cir. 2007) ("An issue or argument insufficiently raised in the opening brief is deemed waived.").

*Second*, Mr. Sherratt argues that granting the defendants' dismissal motions violated his Seventh Amendment right to a jury trial and that the district court should have allowed discovery.  We cannot agree.  A district court may hear and decide defenses raised under Rule 12(b)(6) and a Rule 12(c) motion before trial.  *See* Fed. R. Civ. P. 12(i).  And dismissal for failure to state a claim on which relief can be granted does not violate the Seventh Amendment right to a jury trial because such a ruling means the complaint fails as a matter of law and leaves "no facts to be tried by a jury."  *Smith v. Kitchen*, 156 F.3d 1025, 1029 (10th Cir. 1997) (internal quotation marks omitted); *see also Christensen v. Ward*, 916 F.2d 1462, 1466 (10th Cir. 1990) (holding that the Seventh Amendment right to a jury trial is not violated by a district

court's dismissal for failure to state a claim because, as a matter of law, the complaint fails to present an issue for trial).

*Third*, to the extent Mr. Sherratt advances arguments that rely on law concerning criminal culpability to pierce the shield of immunity extended to the defendant-attorneys in this case, the arguments fail for the same reasons as his arguments relying on such law to pierce the shield of judicial immunity—this is a civil case.

*Finally*, Mr. Sherratt points out that his complaint was sworn under penalty of perjury and faults the district court for dismissing his action without requiring defendants to provide any statements under oath to support their denial of the complaint's allegations. But Mr. Sherratt misunderstands the legal standard. The denial of the complaint's allegations is not legally relevant to the district court's decision under Rule 12(b)(6). Rather, the district court must "accept the well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor." *BV Jordanelle, LLC*, 830 F.3d at 1200–01. The district court did so here.[10]

---

[10] Our disposition renders it unnecessary to reach Mr. Sherratt's challenges to the district court's alternative ruling that the Utah Governmental Immunities Act bars the libel claims. And by not making any argument concerning the district court's alternative ruling that Utah's judicial-proceedings privilege bars his libel claims, he has waived appellate review of that ruling. *See Sawyers*, 962 F.3d at 1286. We also need not reach either of the alternative grounds for dismissal defendants suggest (qualified immunity; failure to sufficiently plead any flagrant violation of a Utah constitutional provision).

**IV**

We affirm the district court's judgment.  We deny Mr. Sherratt's motion to take judicial notice.[11]

Entered for the Court

Veronica S. Rossman
Circuit Judge

---

[11] That motion does not ask us to take notice of any facts, as Federal Rule of Evidence 201 allows, but advances further argument regarding the merits of this appeal that could have been included in Mr. Sherratt's opening brief.