SUPERIOR COURT
of the
State of Delaware

William L. Witham, Jr.
*Resident Judge*

Kent County Courthouse
38 The Green
Dover, Delaware 19901
Telephone (302) 739-5332

Submitted: November 2, 2020
Decided: February 10, 2021

Plaintiff's Counsel Ronald G. Poliquin, Esquire
Defendant's Counsel James D. Taylor, Jr., Esquire

Re: *Anthony E. Sapienza v. Delaware State University Police Dept., et al.*
C.A. No. K20C-08-012 WLW

Dear Counsel:

Before the Court is Defendants', Delaware State University Police Department; Harry Downes, Chief of Police; and Dr. Wilma Mishoe, University President (collectively "Defendants") Motion to Dismiss Plaintiff Anthony Sapienza's (hereinafter "Sapienza") Complaint pursuant to Superior Court Civil Rule 12(b)(6). This Court having considered the arguments of the parties hereby grants the motion.

## Factual and Procedural Background

Sapienza's complaint states that on or about June 12, 2018, Plaintiff was wrongfully terminated from employment with the Delaware State University Police Department in violation of a Collective Bargaining Agreement (hereafter "the Agreement") and the Law Enforcement Officers' Bill of Rights (hereafter "LEOBR"). Leading up to Sapienza's termination, Delaware State University Police Department (hereafter "Delaware State") interviewed Sapienza regarding

the undisclosed incident that prompted termination.[1]  Sapienza was never informed which officer was leading the investigation, and Sapienza was questioned by multiple investigators during his interview.[2]  Furthermore, Sapienza was never notified in writing concerning the nature of the investigation was about prior to being questioned or the final results of the investigation.[3]  Finally, Sapienza was never afforded a hearing prior to termination of employment.[4]  Sapienza's complaint arises from the procedure by which the termination occurred, specifically:

1) that Plaintiff's termination violated Plaintiff's due process rights under the Fourteenth Amendment to the U.S. Constitution, which are enforced against Defendants under 42 U.S.C. § 1983;

2) that Plaintiff's termination amounted to a violation of the covenant of good faith and fair dealing by Delaware State; and

3) that Plaintiff's termination was a breach of contract on the part of Delaware State.

On August 11, 2020, Sapienza filed a complaint against the Defendants for wrongful termination of employment.[5]  On September 24, 2020, Defendants filed a Motion to Dismiss for failure to state a claim upon which relief can be granted

---

[1]  Plaintiff's Compl. at ¶ 10(a).  Sapienza's complaint does not specify what the incident in question was leading to his termination.

[2]  *Id.* at ¶ 10(b).

[3]  *Id.* at ¶ 10(c) and (d).

[4]  *Id.* at ¶ 10(e).

[5]  On July 24, 2020, this Court in *Anthony E. Sapienza v. Delaware State University Police Dept., et al.*, C.A. No. K18M-09-001WLW, dismissed a Petition for this Court to issue a writ of mandamus determining that Plaintiff should consider a different form of relief.

stating that Sapienza was a probationary employee and was not entitled to LEOBR protections as a matter of law.[6] Sapienza responded on October 15, 2020.

## Standard of Review

In assessing the merits of a motion to dismiss for failure to state a claim pursuant to Superior Court Civil Rule 12(b)(6), all well-pleaded facts in the complaint are assumed to be true.[7] "A complaint(,) attacked by a motion to dismiss for failure to state a claim(,) will not be dismissed unless it is clearly without merit, which may be either a matter of law or of fact."[8] Likewise, a complaint will not be dismissed for failure to state a claim unless "(i)t appears to a certainty that, under no set of facts which could be proved to support the claim asserted, would the plaintiff be entitled to relief."[9] That is to say, the test for sufficiency is a broad one. It is measured by whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible to proof under the complaint.[10] If the plaintiff may recover, the motion must be denied.[11]

---

[6] Def.'s Motion to Dismiss at ¶ 4. The exact dates of Plaintiff's employment are not provided by either Sapienza or Defendants.

[7] *Kostynshyn v. Commissioners of Town of Bellefonte*, 2006 WL 3501874 at *1 (Del. Super. Nov. 30, 2006); citing *Laventhol, Krekstein, Horwath & Horwath v. Tuckman*, 372 A. 2d 168 at 169 (Del. 1976).

[8] *Kostynshyn*, 2006 WL 3501874 at *1; citing *Diamond State Telephone Co. v. University of Del.*, 269 A. 2d 52 at 58 (Del. 1970).

[9] *Id.*

[10] *Kostynshyn*, 2006 WL 3501874 at *1; citing *Spence v. Funk*, 396 A. 2d 967 at 968 (Del. 1978).

[11] *Kostynshyn* 2006 WL 3501874 at *1.

## Discussion

Sapienza's complaint rests on three allegations against the Defendants. First, the Defendants did violate Sapienza's due process rights guaranteed by the Fourteenth Amendment of the U.S. Constitution and enforced against the Defendants through 42 U.S.C. § 1983. Second, that Delaware State specifically breached the covenant of good faith and fair dealing. Finally, that Delaware State did breach its contract with Sapienza. Each of these assertions will be taken individually.

### *Due Process Rights*

Sapienza based his allegation that termination of employment was a violation of due process under the Fourteenth Amendment of the U.S. Constitution on the notion that Sapienza has a "property interest in not being terminated in violation of his (sic) rights pursuant to 11 Del. C. § 9200."[12] In cases involving employees who undergo a probationary period, possession of a property interest in the employment exists only upon the passing of the probationary period, but an employee still in his probationary period, "although having some interest, is not entitled to the same procedures because this is not a substantial interest."[13] Failing to show a property interest in the employment is not enough to show that Sapienza was not entitled to some measure of protection from LEOBR.

A probationary employee who is a member of Delaware Law Enforcement must endure a period of 18 months to avoid being terminated at will. However,

---

[12] Plaintiff's Compl. at ¶ 18.
[13] *Blanding v. Pennsylvania State Police*, 12 F.3d 1303 at 1307 (3d Cir. Dec. 30, 1993); quoting *Bolden v. Pennsylvania State Police*, 371 F. Supp. 1096 (M.D. Pa. 1974).

4

such termination must be accompanied by an administrative hearing.[14] Failure to administer such a hearing is a violation of 11 Del. C. § 9200, and such a failure occurs even if the violation is against a law enforcement officer in his or her probationary period.[15] The procedural protections afforded probationary employees under Section 9200 of LEOBR are applicable unless there is a "contractual disciplinary grievance procedure executed by and between the agency and the bargaining unit of that office."[16]

Sapienza's termination was subject to the Agreement. In Article III of the Agreement, it states that the probationary period for employees not certified as a police officer is one year with an option to extend it an additional 90 days upon mutual agreement of the parties.[17] Furthermore, "[d]uring this probationary period, the employee may be discharged without recourse to the grievance procedure."[18] The language here is clear; an employee in his or her probationary period can be terminated without having to adhere to the procedural requirements of 11 Del. C. § 9200 because § 9203 defers to any disciplinary scheme agreed to by the "agency and the bargaining unit of that officer." Section 9203 states "[i]f a law-enforcement officer is: (1) suspended for any reason, or (2) charged with conduct alleged to violate the rules or regulations or general orders of the agency that employs the officer, of (3) charged with a breach of discipline of any kind, which charge could lead to any form of disciplinary action (other than a reprimand) which

---

[14] *Gale v. Sapp*, 1993 WL 54463 at *1 (Del. Super. Feb. 11, 1993).
[15] *Id.* at *1 - *2.
[16] *Id.* at *2; quoting 11 Del. C. § 9203.
[17] Def.'s Motion to Dismiss at Ex. A.
[18] *Id.*

may become part of the officer's permanent personnel record, then that officer shall be entitled to a hearing which shall be conducted in accordance with this chapter *unless a contractual disciplinary grievance procedure executed by and between the agency and the bargaining unit of that officer is in effect, in which case the terms of that disciplinary grievance procedure shall take precedence and govern the conduct of the hearing.*"[19] 11 Del. C. § 9203 is current through ch. 292 of the 150[th] General Assembly (2019-2020). Some statute sections may be more current. Revisions to 2020 Acts by the Delaware Code Revisors were unavailable at the time of publication. The Agreement takes precedent over LEOBR by statute.

*Implied Covenant of Good Faith and Fair Dealing*

Sapienza next alleges that Delaware State breached the employment contract by violating its implied covenant of good faith and fair dealing when it terminated Sapienza's employment without adherence to LEOBR. As explained above, LEOBR does not govern the procedure for terminating an employee within his or her probationary period, so there was no violation of LEOBR. Delaware State further argues that, since the Agreement "unambiguously governed the terms of Plaintiff's employment," the implied covenant is not available to the Plaintiff. The Court agrees with the Defendants' contentions. Citing to the Delaware Court of Chancery, the Defendants argue that "[t]he implied covenant does not apply when the subject at issue is expressly covered by the contract."[20]

---

[19] 11 Del. C. § 9203 (emphasis added).

[20] Def.'s Motion to Dismiss at ¶ 7; quoting *Dave Greytak Enters., Inc. v. Mazda Motors of Am., Inc.*, 622 A. 2d 14 at 23 (Del. Ch. 1992).

*Breach of Contract*

Sapienza concludes by alleging that Delaware State breached the terms and conditions of the Agreement by terminating Sapienza in a manner that violated LEOBR. However, because the Agreement abrogated LEOBR's disciplinary scheme in accordance with 11 Del. C. § 9203 and the Agreement further allowed for Sapienza's "discharge without recourse to the [CBA's] grievance procedure,"[21] there was no breach of the Agreement on the part of Delaware State.

Wherefore, based on the reasons stated above, this Court **GRANTS** Defendants' Motion to Dismiss pursuant to Superior Court Civil Rule 12(b)(6) for failure to state a claim for which relief can be granted.

**IT IS SO ORDERED.**

*/s/ William L. Witham, Jr.*
Resident Judge

WLW/dmh

---

[21] Def.'s Motion to Dismiss at ¶ 8.

7